**In re Lauris WILDE, Debtor.**

**Bankruptcy No. 93–42261–ABF.**

United States Bankruptcy Court,
W.D. Missouri,
Kansas City Division.

Nov. 9, 1993.

Kent Kersten, Kansas City, MO, for debtor.

Paul Berman, Berman, DeLeve, Kuchan & Chapman, Kansas City, MO, for trustee.

### MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This is a Chapter 7 case. Debtor has filed a motion to dismiss. The Trustee opposes such motion. This is a core proceeding, 28 U.S.C. § 157(b)(2), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

At the time of this Chapter 7 filing, debtor listed unsecured debts of $13,882.92, consisting primarily of credit card obligations and other consumer debts. She listed no non-exempt assets.

Approximately one month after the bankruptcy case was filed, debtor learned that she had come into some money due to the death of an aunt. This money, which amounts to approximately $7,000, is payable from one or more life insurance policies. Now, debtor has moved to dismiss the case. Her attorney contends that, with the insurance proceeds in hand, she will set about to agree on payment schedules with her creditors. The Trustee contends that since there are assets with which to pay at least a portion of the claims, and to pay them pursuant to the requirements established by the Bankruptcy Code, the case should not be dismissed.

### DISCUSSION

The debtor commenced her voluntary Chapter 7 case by filing a petition with the Bankruptcy Court on August 2, 1993. The commencement of a case creates an estate, which is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Property of the estate also includes any interest in life insurance proceeds which the debtor receives or becomes entitled to receive within 180 days after commencement of the case. 11 U.S.C. § 541(a)(5)(C).

■ Since no creditor has objected to the debtor's motion to dismiss, the debtor takes the position that the Court is required to grant such motion. *In re Wirick*, 3 B.R. 539, 543 (Bankr.E.D.Va.1980). In *In re Wirick*, a Bankruptcy Court found that while the trustee has standing to object for the purpose of insuring that his fees, costs and other expenses are paid by the debtor prior to the dismissal, only creditors could object to a voluntary dismissal on the merits. *Id.* at 542. However, the reasoning of *Wirick* has been correctly rejected. *Penick v. Tice*, 732 F.2d 1211, 1213 (4th Cir.1984). *See also, In re Komyathy*, 142 B.R. 755, 756 (Bankr. E.D.Va.1992); *In re Geller*, 74 B.R. 685, 689 (Bankr.E.D.Pa.1987). Trustees do have standing to object to dismissal by a debtor and thereby to protect the best interests of all creditors. I turn then to the merits.

■ Due to her change in circumstances, the debtor now asks the Court to dismiss her Chapter 7 case. Unlike Chapter

13 bankruptcy cases, where the debtor has an absolute right to dismiss, a debtor has no corresponding right to dismiss a Chapter 7 petition. *In re Mathis Insurance Agency, Inc.,* 50 B.R. 482, 486 (Bankr.E.D.Ark.1985). The most important consideration is whether dismissal is in the best interests of creditors. *Id.* Here it is not. The Trustee in the Chapter 7 case is required to collect the insurance monies and distribute them pursuant to the provisions of the Bankruptcy Code. Thus, every creditor receives its fair share, and debtor is entitled to only that share which may be claimed as exempt under applicable law. There is no assurance that the debtor will distribute these funds as fairly. Since the creditors did not affirmatively consent to the dismissal, and since a dismissal would not be in their best interests, the debtor's voluntary motion to dismiss should be denied.