In re Tommy Dean McCLURE, Jr.,
Kimberly Dawn McClure,
Debtors.

Tommy Dean McClure, Jr., Kimberly
Dawn McClure, Plaintiffs,

v.

Bill Dome D/B/A "Skootz
Motors", Defendant.

Bankruptcy No. 98–21286–13.
Adversary No. 99–2005.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

June 16, 1999.

Troy Blackwell, Waggoner, Miller & Blackwell, Amarillo, TX, for debtors.

Kevin A. Isern, Amarillo, TX, for Mr. Dome.

Walter O'Cheskey, Lubbock, TX, Chapter 13 Trustee.

## MEMORANDUM OF OPINION ON MOTION TO VACATE DEFAULT JUDGMENT

JOHN C. AKARD, Bankruptcy Judge.

On May 26, 1999, the court conducted a hearing on the motion to vacate default judgment filed by Bill Dome. The court finds that the motion to vacate default judgment should be denied.[1]

### FACTS

On November 5, 1998, Tommy Dean McClure, Jr. and Kimberly Dawn McClure (Debtors) filed for relief under Chapter 13 of the Bankruptcy Code. On January 21, 1999, the Debtors filed adversary proceed-

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(K).

ing number 99–2005 against Bill Dome d/b/a Skootz Motors. On January 22, 1999, the Clerk of this court issued a summons and notice of trial and forwarded it to the Debtors' attorney for service. A certificate of service in the file reflects that on February 2, 1999 Mr. Dome was served with the summons and notice of trial and a copy of the complaint by first class mail pursuant to Federal Rule of Bankruptcy Procedure 7004(b). The summons required an answer within thirty days after its issuance. No answer was filed. On March 12, 1999, the Debtors filed a request for entry of default. A copy was mailed to Mr. Dome. On March 12, 1999, the Clerk entered the default.

On March 16, 1999, Mr. Dome filed an answer. On March 25, 1999, the Debtors filed a motion for default judgment. A hearing on that motion was scheduled for April 14, 1999. On April 8, 1999, Mr. Dome filed a response to the motion for default judgment.

On April 14, 1999, the court heard the Debtors' motion for default judgment. The Debtors appeared with their attorney. Mr. Dome appeared with his attorney. The Debtors' attorney reviewed the records in this case and asked for the default judgment. Mr. Dome's attorney acknowledged that Mr. Dome received the summons and complaint, but stated that he did not answer it because he had filed a proof of claim in the case. Mr. Dome did not testify. The court granted the motion for default judgment and set the matter for determination of damages on May 26, 1999. The default judgment was entered on April 26, 1999.

On May 18, 1999, Mr. Dome filed a motion to vacate the default judgment under Federal Rule of Civil Procedure 60(b).[2] A hearing on that motion was scheduled for May 26, 1999.

When the matters were called for hearing, the Debtors appeared with their attorney. Mr. Dome's attorney appeared. Mr. Dome did not appear. The attorney stated that Mr. Dome acted *pro se* until after the time for filing an answer expired. Mr. Dome filed several proofs of claim in this case. The attorney requested that the court find excusable neglect on Mr. Dome's part and allow him to file an answer.

The parties advised the court that the vehicle in question had been involved in an accident and that the sole issue was entitlement to the insurance proceeds. They agreed that should the Debtors prevail in this matter, their damages would be the amount of the insurance proceeds.

## DISCUSSION

Mr. Dome's attorney based his argument on Federal Rule of Civil Procedure 60(b)(1) which allows the court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The attorney did not allege mistake, inadvertence, or surprise.

■ Mr. Dome did not testify either at the hearing on the motion for default judgment or at the hearing on motion to vacate default judgment. Assertions by counsel do not constitute probative evidence. Thus, Mr. Dome's motion to vacate default judgment should be denied for lack of evidence. *FCC Nat'l Bank v. Roberts (In re Roberts)*, 193 B.R. 828, 831 (Bankr.W.D.Mich. 1996). See also *Russell*, Bankruptcy Evidence Manual, 1999 ed. at 232, *et seq.*

■ In the alternative, if the court considers the statements of Mr. Dome's attorney as offers of proof (although he did not tender them as offers of proof), the statements showed that Mr. Dome is engaged in business, that he had problems with the State of Texas concerning him or his em-

2. Federal Rule of Bankruptcy Procedure 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure. Rule 59(b) requires a motion for new trial to be filed no later than ten days after the entry of the judgment. Since the motion to vacate default judgment was not filed within that ten day time, Mr. Dome was required to file his motion under Rule 60(b).

ployees rolling back odometer readings, that he timely received the complaint and the summons and notice of trial, that he did not consult an attorney until after the time for filing an answer had passed, and that he asserted that he filed claims in this matter which he thought sufficient to respond to the complaint. These statements show that Mr. Dome is a businessman familiar with legal matters. He knew that filing an amended proof of claim was not tantamount to filing an answer to a summons. His failure to promptly contact an attorney and timely file an answer do show neglect, but not excusable neglect. Having failed to show excusable neglect, Mr. Dome's motion for rehearing should be denied.

## CONCLUSION

Mr. Dome's motion to vacate default judgment must be denied.

ORDER ACCORDINGLY.[3]

---

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED.R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.