**In re Eric A. WILLIAMS, Debtor.**

No. 03–31493 ASD.

United States Bankruptcy Court,
D. Connecticut.

Feb. 12, 2004.

Paul Ruszcyk, Cheshire, CT, for Debtor.

Barbara H. Katz, New Haven, CT, Chapter 7 Trustee.

## MEMORANDUM OF DECISION AND ORDER ON MOTION TO DISMISS CASE

ALBERT S. DABROWSKI, Chief Judge.

## I. INTRODUCTION

On September 11, 2003, the Debtor, Eric A. Williams, pursuant to Bankruptcy Code Section 305(a)(1), filed a *Debtor's Motion to Dismiss Case*, Doc. I.D. No. 17 (hereafter the "Motion"), seeking a dismissal of this pending Chapter 7 case. The Motion asserts, *inter alia*, prejudice to the Debtor arising from alleged unnecessary trustee fees.[1] Barbara H. Katz, the duly appointed Chapter 7 Trustee (hereafter, the "Trustee"), objected to the Motion, asserting, *inter alia*, that the only guarantee of fair and equitable treatment of creditors is by administration of the bankruptcy estate in this Court. *Trustee's Objection to Debtor's Motion to Dismiss Case*, Doc. I.D. No. 20 (hereafter, the "Objection"). Because the record before the Court compels a conclusion that the potential for prejudice to unsecured creditors outweighs the potential prejudice to the Debtor, and for the additional reasons stated herein, this case will not be dismissed at this time.

## II. FACTUAL BACKGROUND

On March 26, 2003 (hereafter, the "Petition Date"), the Debtor commenced the instant bankruptcy case through the filing in this Court of a voluntary petition pursuant to 11 U.S.C. § 302(a), together with a set of Statements and Schedules. The Debtor's Schedule F—"CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS"—disclosed unsecured claims totaling $23,560.81.

The Debtor's meeting of creditors pursuant to Fed. R. Bankr.P.2003(a) and Bankruptcy Code Section 341 was scheduled for April 24, 2003; however, he did not attend.[2] On July 30, 2003, the *Debtor's*

---

1. The Debtor also states that "he does not wish to have this bankruptcy on his credit record." Motion, ¶ 6.

2. By letter dated April 22, 2003, the Debtor's counsel advised the Trustee that the Debtor "has informed me he will not be attending [the Section 341 Meeting]." *See Objection,* Exhibit B. Upon receipt of the letter the Trustee telephoned counsel for the Debtor to ascertain further information concerning the Debtor's position—"whether he was ill, unable to attend due to work, etc."—and was told the Debtor "did not provide any other

*[Initial] Motion to Dismiss Case* (hereafter, the "Initial Motion"), Doc. I.D. No. 4, came before the Court for a hearing.[3] At that hearing the Debtor disclosed that on April 1, 2003, his mother died, that he was a beneficiary of her probate estate in an amount expected to exceed his unsecured debt, and that he intended to pay his unsecured creditors in full through that inheritance. At the conclusion of the hearing the Initial Motion was denied, and the Debtor was simultaneously ordered to appear at a rescheduled Section 341 Meeting on August 28, 2003.[4] *See Margin Order* sustaining United States Trustee's Objection, Doc. I.D. No. 14.

On September 4, 2003, the Debtor received his discharge under Bankruptcy Code Section 727, Doc. I.D. No. 15. On September 11, 2003, the Debtor filed the present Motion requesting the identical relief sought and denied in the Initial Motion. The Motion and the Objection came before the Court for a final hearing on February 4, 2004 (hereafter, the "Hearing"). The Debtor now offers to condition case dismissal upon (i) vacation of the discharge order pursuant to Bankruptcy Code 105(d),[5] and (ii) "mechanisms"[6] designed to insure full payment of unsecured creditors following dismissal of this case.

## III. DISCUSSION

■ Under Bankruptcy Code Section 707(a) (permitting dismissal "only for cause") or Bankruptcy Code Section 305(a)(1) (permitting dismissal of a case if "the interests of creditors and the debtor would be better served by such dismissal . . . ."), the task of the Court is to measure the prejudice to the Debtor triggered from a denial of the Motion against the prejudice to creditors if the case is dismissed.

■ By the filing of his bankruptcy petition, the Debtor sought to prejudice creditors through discharge of his obligations to them. Such prejudice, of course, is an intended consequence of Bankruptcy Code provisions affording relief to honest debtors through a financial "fresh start". The filing of the petition, however, also engaged the responsibility of this Court to insure fair and equitable treatment of creditors[7]—another fundamental goal of the bankruptcy law. In this regard a bankruptcy petition effectively

---

information other than he was not attending the meeting." Objection, ¶ 5.

**3.** The United States Trustee and the Trustee filed written objections to the Initial Motion, Doc. I.D. Nos. 7 and 8, respectively.

**4.** While it appears that the Debtor attended the August 28, 2003 Section 341 Meeting, he was not fully responsive to the Trustee's legitimate demands and inquiries. *See Exhibits A & B, Motion for Order to Show Cause,* Doc. I.D. No. 21, and *Affidavit in Support of Request for Sanctions* . . ., Doc. I.D. No. 26.

**5.** At the Hearing counsel for the Debtor acknowledged that no statutory provision, including Section 727(d) (providing for discharge revocation on the request of the trustee, a creditor, or the United States trustee), other than, *arguably,* Section 105(d),

presented a basis for discharge revocation or vacation in this case. *See Matter of Calabretta,* 68 B.R. 861 (Bankr.D.Conn.1987) (Krechevsky, J.).

**6.** The Debtor, through his counsel, advised that he is willing to waive his right to his inheritance in an amount equal to unsecured claims in this bankruptcy case, with payment in full of such unsecured claims resulting therefrom.

**7.** Equitable treatment of creditors in a Chapter 7 case contemplates distribution of a debtor's assets, gathered and liquidated by a trustee, to all creditors in accordance with provisions of the Bankruptcy Code. Such distribution in a Chapter 7 bankruptcy case is, of course, *subject* to a debtor's ability to retain certain "exempt" property pursuant to Bankruptcy Code Section 522.

removes debtor-creditor relationships from nonbankruptcy forums, where equitable treatment is at best uncertain, to the bankruptcy court, where equitable treatment is mandated.

An explicit consequence of the filing of his bankruptcy petition is that any interest in property that the Debtor acquired, or became entitled to acquire, by bequest, devise, or inheritance within 180 days of the Petition Date became property of the bankruptcy estate and subject to administration by the Trustee. 11 U.S.C. § 541(a)(5)(A). The Debtor, therefore first charted, and upon filing his petition, engaged upon a course toward a "fresh start" knowingly exposing any potential inheritance to risk—the specific risk that if he became entitled to inheritance property within the 180 days following the Petition Date, that property would be administered by the Trustee, and "taxed" to some extent for Trustee compensation in accordance with Bankruptcy Code Sections 326 and 330.[8]

Because his circumstances have changed—a *potential* inheritance has become an entitlement to an *actual* inheritance—the Debtor seeks through voluntary case dismissal to reverse course, *albeit* asserting he will not once again frustrate the expectations of his creditors. To countenance such an exit strategy, the Court would need to be fully satisfied that the Trustee and creditors were treated outside of bankruptcy as fairly and equitably as they would have been treated under the Bankruptcy Code and Rules. The Debtor argues this requisite fairness is assured by his representation that following distribution of his mother's probate estate, he will voluntarily pay all his creditors in full outside of bankruptcy. However, this representation is made without a practical, assured method of compliance.

The relevant creditor claims have not as yet been liquidated, and the possibility for dispute and less than full payment is very real. In addition, the Debtor did not propose an adequate methodology for documenting to this Court his compliance with the proposed "full payment" condition of dismissal.[9]

In the case at bar, creditors' interests are best served by the "tried and true" claims resolution and distribution methodology of the Bankruptcy Code and Rules.[10] If the Debtor is sincere in his desire to pay all his unsecured creditors in full, the present bankruptcy forum provides the most efficient and effective vehicle for that purpose.

The prejudice to the Debtor from the continuation of the instant bankruptcy case results from the Trustee's eligibility for expense of administration compensation, and the "stigma" of bankruptcy itself. However, as previously noted, the Debtor was well aware of these possible conse-

---

8. Trustee commissions provided for in Section 326(a) are *maximums,* not fixed amounts, computed on percentages based upon "moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor ....", and paid upon approval by the Court after notice and a hearing to the extent "reasonable ... for actual, necessary services rendered by the trustee, ..." Section 330(a)(1)(A). Trustees are also compensated for "actual, necessary expenses." Section 330(a)(1)(B).

9. The Court, even upon speculation as to whether and how the Debtor's proposed mechanisms could be modified or supplemented to assure full payment of creditors, is unable to formulate an acceptable methodology.

10. *E.g.,* claim filing, liquidation, and distribution pursuant to Bankruptcy Code Sections 501, 502, and 726, respectively, *inter alia.*

quences when he commenced the instant case. In any event, Debtor prejudice by denial of the Motion is substantially outweighed by the likely prejudice to creditors which could occur outside of this case. For these reasons, the Debtor's request to dismiss this case must be denied.[11]

## IV. SUMMARY, CONCLUSION AND ORDER

This bankruptcy case has progressed to a point where it appears nearly certain that a full realization of creditors' claims can be achieved. While the Debtor has offered a mechanism to pay his creditors in full outside of bankruptcy, he has not satisfied the Court that such a mechanism will result in such payment, or in the fair and equitable treatment of such creditors. In addition, because, (i) the potential risk that the relevant inheritance would become part of the bankruptcy estate was known to him on the Petition Date, (ii) the potential prejudice to the Debtor of a denial of the Motion is substantially outweighed by the potential prejudice to creditors from the dismissal of this case, (iii) the interests of creditors would be better served by the continuation of this bankruptcy case, and (iv) the Debtor has not prosecuted his case in accordance with Bankruptcy Code and Rule requisites, and has failed to timely comply with a Court Order;

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

---

**11.** In addition, the Debtor's noncompliance with Section 341 Meeting attendance requirements, lawful instructions and demands by the Trustee, *see, e.g., Motion for an Order to Show Cause,* Doc. I.D. No. 21, and the Court's own Orders, *see Order Granting Sanctions,* Doc. I.D. No. 30 (no timely compliance), support denial of the relief requested.