In re Lin M. **BARTEE** and Christine J. Wenger–Bartee, Debtors.

Lin M. Bartee; Christine J. Wenger– Bartee, Appellants,

v.

Gerald I. Ainsworth, Appellee.

BAP No. EC–03–1399–PMaMo.

Bankruptcy No. 03–23700–C–7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Sept. 21, 2004.

Filed Oct. 25, 2004.

Ordered Published Nov. 19, 2004.

Christine J. Wenger–Bartee, Grass Valley, CA, Pro se Appellant.

J. Russell Cunningham, Desmond, Nolan, Livaich & Cunningham, Sacramento, CA, for Gerald I. Ainsworth.

Before PERRIS, MARLAR and MONTALI, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

This is an appeal from an order denying debtors' motion to dismiss their voluntary chapter 7[1] bankruptcy case. We AFFIRM.

## FACTS

Lin M. Bartee and Christine J. Wenger–Bartee ("debtors") filed a chapter 7 petition. The § 341(a) meeting was set for May 12, 2003, but debtors failed to appear.

On June 2, 2003, Gerald I. Ainsworth ("the trustee") filed an Initial Report of Asset Case. Four days later, debtors filed a Request for Dismissal. Debtors requested that their case be dismissed to allow them to make repayment arrangements with their creditors outside of bankruptcy. They stated that, "[u]pon auditing of Debtor Lin Bartee's company, errors in bookkeeping were found and funds are available to assist in repayment to creditors." Request for Dismissal, ¶ 3. The bankruptcy court declined to process the Request for Dismissal, because debtors filed it on their own behalf even though they were represented by counsel at the time.

Shortly after debtors' rescheduled § 341(a) meeting, debtors filed a Motion to Dismiss Chapter 7 Bankruptcy ("the motion to dismiss"). Debtors suggested in the motion that they had received bad legal advice to file their bankruptcy petition. Debtors also stated their intent to pay their creditors outside of bankruptcy, and that "Lin Bartee's business partner has agreed to let Mr. Bartee sell his share of the business for an estimated sum of $92,000.00." Motion to Dismiss Chapter 7 Bankruptcy, ¶ 4. According to debtors, this sum would be sufficient to pay their creditors in full. Debtors did not support any

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

of these assertions with documentary evidence or affidavits.

The trustee opposed the motion to dismiss, stating that "the debtors have been less than candid about their financial affairs and can not [sic] be counted upon to follow through with the promises made in their motion." Trustee's Opposition to Motion to Dismiss Chapter 7 Bankruptcy Case, at 1. The trustee filed a declaration in support of his opposition, describing numerous apparent discrepancies in debtors' bankruptcy schedules and statement of financial affairs. The trustee also stated that debtors had not complied with his request for additional information about their assets, income, prepetition transfers and alleged gambling losses.

On the day of the hearing on the motion to dismiss, debtors filed Debtors' Planned Course of Action. Debtors repeated that Mr. Bartee's business partner was willing to buy Mr. Bartee's share of the business and stated that Mr. Bartee had returned to work full-time. Debtors also maintained that Mr. Bartee had spoken with debtors' unsecured creditors and that those creditors had agreed to "reaffirm their debts." Debtors' Planned Course of Action, ¶ 5. Finally, debtors stated that

> [a]s a recovering gambler, Debtor Lin M. Bartee requests this court for the opportunity to cure these debts on his own accord. The ability to do this is instrumental in his rehabilitation. Debtor Lin Bartee is attending as many Gamblers Anonymous meetings as his work schedule will permit.

*Id.* at ¶ 6. None of the assertions made in Debtors' Planned Course of Action was supported by documentary evidence or affidavits. The bankruptcy court took the matter under advisement.

Two days later, the court entered an order denying the motion to dismiss. The court stated as follows in its memorandum decision:

> Upon review of the record, and of the "Debtors' Planned Course of Action," the court is persuaded that this bankruptcy case should continue. The debtors' financial circumstances are primarily in chaos. The chaos affects their creditors. The proposed course of action to be followed if the case is dismissed is too speculative to give this court confidence that the interests of all pertinent parties would be served with dismissal.

Memorandum Decision on Motion to Dismiss Chapter 7 Bankruptcy Case, at 1.

Debtors appealed. Debtors' appeal was not timely under Rule 8002, but the bankruptcy court granted debtors' motion to extend time to file a notice of appeal. This Panel has entered an order stating that debtors' appeal from the order denying their motion to dismiss "is sufficiently final for purposes of an immediate appeal." March 23, 2004 Order.

## ISSUE

Whether the bankruptcy court erred in denying debtors' motion to dismiss their chapter 7 bankruptcy case.

## STANDARD OF REVIEW

■ We review the denial of debtors' motion to voluntarily dismiss their chapter 7 bankruptcy case for an abuse of discretion. *See In re Leach,* 130 B.R. 855, 856 (9th Cir. BAP 1991). Under this standard, we cannot reverse unless we have a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors. *United States v. Finley,* 301 F.3d 1000, 1007 (9th Cir.2002).

## DISCUSSION

■ Dismissal of a voluntary chapter 7 case is governed by § 707, which states that a court may dismiss a chapter 7 case "only for cause[.]" § 707(a). Debtors argue they have an absolute right to dismissal of their chapter 7 case. This is plainly wrong. A debtor must establish cause to obtain dismissal of a voluntary chapter 7 case. *See, e.g., In re Leach,* 130 B.R. 855, 857 n. 5 (9th Cir. BAP 1991); *In re Stephenson,* 262 B.R. 871, 873 (Bankr. W.D.Okla.2001); 3 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 67:4 (2004).

■ In the Ninth Circuit, "a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal prejudice' to interested parties." *Leach,* 130 B.R. at 857. Debtors bear the burden of proving that dismissal would not prejudice their creditors. *Stephenson,* 262 B.R. at 874. Debtors failed to meet that burden, and the bankruptcy court did not err in refusing to dismiss debtors' case.

This is an asset case. The trustee anticipates that there will be funds available to pay unsecured creditors. Dismissal of debtors' case would have prejudiced their creditors, because there is no guarantee that debtors will pay their debts outside of bankruptcy. *See Stephenson,* 262 B.R. at

874–75; *In re Wilde,* 160 B.R. 625, 627 (Bankr.W.D.Mo.1993).

We agree with the bankruptcy court that debtors' plan for liquidating assets was too speculative to establish the lack of prejudice that is a prerequisite to dismissal. While debtors insist that they had arranged to sell Mr. Bartee's interest in his business, the record is devoid of any evidence of this arrangement. Moreover, debtors did not offer any evidence that they would be bound to use the sale proceeds to pay their creditors if such a sale came to pass. For example, there was no evidence that creditors would be paid from an escrow or a trust before debtors were given unfettered access to the sale proceeds. Finally, as the trustee explains in his appellate brief, it is not at all clear that sale of the asset in question at the proposed price would generate sufficient funds to pay the administrative costs of this bankruptcy case and all of debtors' unsecured claims.

■ In addition, there is an independent basis upon which to affirm the bankruptcy court's order denying dismissal of debtors' case. Debtors offered the bankruptcy court no explanation for the numerous discrepancies in their bankruptcy schedules and statement of financial affairs alleged by the trustee.[2] Nor did they make any effort to explain their failure to comply

---

2. The trustee, in his objection to the motion to dismiss, described several discrepancies in debtors' bankruptcy schedules and statement of financial affairs. One of his allegations was stated as follows:

> In their statement of financial affairs, the debtors report that they sold [two parcels of] real property ... in November 2002. The $125,000 and $50,000 reported sale prices appear to be low. The debtors appear to be the record owners of at least one of the two properties. The debtors have not cooperated with my requests for additional information about the circumstances surrounding the sales.

Trustee's Declaration in Opposition to Motion to Dismiss, ¶ 7. *After* the hearing on their motion to dismiss, debtors filed a pleading captioned Supporting Documents on Sale of Property, in which they explained that their attorney reported the net, not the gross, sales price in their bankruptcy papers. This explanation is insufficient for two reasons. First, it was untimely. Second, it is incomplete. Debtors did not explain why they were still listed as the record owners of the property. In addition, they made no attempt to explain any of the other numerous discrepancies alleged by the trustee.

with the trustee's request for additional information about their assets, income, prepetition transfers and alleged gambling losses. Such facts constitute independent grounds for denial of a motion to dismiss.

[A] debtor who has invoked the protection of the Bankruptcy Code must also assume the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith, and ... the debtor may not engage in questionable or fraudulent conduct and then dismiss the case once such conduct is discovered.

9A AM.JUR.2D BANKRUPTCY § 1020 (citing *In re MacDonald*, 73 B.R. 254 (Bankr. N.D.Ohio 1987)). At the very least, the unexplained discrepancies and failure to cooperate with the trustee's efforts to obtain information buttress the bankruptcy court's finding that debtors failed to establish that their creditors would not be prejudiced by dismissal of the bankruptcy case.

Debtors rely on Fed.R.Civ.P. 41(a)(1), which provides, in pertinent part, that "[s]ubject to ... any statute of the United States, an action may be dismissed by the plaintiff without order of court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action." Debtors' reliance on this rule is misplaced for at least three reasons.

First, debtors did not rely on Fed. R.Civ.P. 41(a) as a basis for dismissal before the bankruptcy court. We therefore decline to consider this issue on appeal. *See In re Ehrle*, 189 B.R. 771, 776 (9th Cir. BAP 1995)(issues not raised before the bankruptcy court generally will not be considered by the panel for the first time on appeal).

■ Second, even if we were to consider this argument, we would reject it. By its terms, Fed.R.Civ.P. 41(a) does not apply where a federal statute governs dismissal of the matter in question. *See* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 2D § 2363 (1995)("To the extent that dismissal is limited by statutes of the United States, their contents control over Rule 41(a)(1)."). As we discuss above, § 707 governs dismissal of a voluntary chapter 7 case.[3] None of the cases cited by debtors involves dismissal of a bankruptcy case. The cases upon which debtors rely all involve motions to withdraw proofs of claim.

■ Third, even if Fed.R.Civ.P. 41(a)(1) applied, debtors would not be entitled to dismissal under that rule. Debtors did not comply with the requirements of Fed. R.Civ.P. 41(a), because they did not file a stipulation of dismissal signed by all interested parties. The trustee opposed dismissal, and debtors did not obtain the written stipulation of even one of their creditors. Debtors stated in their Planned Course of Action that their unsecured creditors agreed to "reaffirm their debts." Debtors' Planned Course of Action, ¶ 5. Debtors offered no evidence in support of this statement. In addition, a creditor's agreement to reaffirm a debt does not constitute consent to dismissal of a bankruptcy case.

Debtors also argue that, because they failed to appear at the § 341(a) meeting of creditors, a local rule required that the bankruptcy court dismiss their case. Debtors cite a local rule 1017–2 in support of their argument. There is no such local rule for the United States Bankruptcy Court for the Eastern District of Califor-

---

**3.** A proceeding to dismiss a case is a contested matter. Rule 1017(f)(1). Fed.R.Civ.P. 41 generally applies in contested matters, unless the bankruptcy court orders otherwise. Rule 9014(c). In this case, the statutory terms of § 707(a) make Fed.R.Civ.P. 41 inapplicable.

nia, which was the district in which debtors filed their chapter 7 petition. There is a Local Bankruptcy Rule 1017–2 for the Central District of California, which states that, "[i]f a chapter 7 debtor fails to appear at the initial section 341(a) meeting of creditors ... the trustee shall notify the court which shall dismiss the debtor's case ...." We are skeptical that this rule would require dismissal of a chapter 7 case on a debtor's motion, given facts similar to those present in this case. In any event, we need not decide the issue, because this rule has no application in the United States Bankruptcy Court for the Eastern District of California.

## CONCLUSION

The bankruptcy court did not abuse its discretion in concluding that debtors failed to establish cause for dismissal of their voluntary chapter 7 petition. We AFFIRM.