ELECTRONIC CITATION:  2005 FED App. 0002P (6th Cir.)
File Name:  05b0002p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:  **JOSEPHINE COHARA**, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| **MARVIN A. SICHERMAN**, | ) |
| **CHAPTER 7 TRUSTEE**, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )    No. 04-8051 |
| | ) |
| **JOSEPHINE COHARA**, | ) |
| | ) |
| Defendant-Appellee. | ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, at Cleveland.
No. 04-10371-rb.

Argued: February 2, 2005

Decided and Filed:  April 5, 2005

Before:  AUG, LATTA, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Marvin A. Sicherman, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellant.  **ON BRIEF:**  Marvin A. Sicherman, DETTELBACH, SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellant.

---

**OPINION**

---

J. VINCENT AUG, JR., Chief Bankruptcy Appellate Panel Judge. Marvin A. Sicherman, Chapter 7 Trustee, appeals the bankruptcy court's order granting the Debtor, Josephine Cohara's, motion to voluntarily dismiss her chapter 7 case pursuant to 11 U.S.C. § 707(a).

## I.   ISSUES ON APPEAL

Whether the bankruptcy court abused its discretion in finding that the Debtor met her burden to establish that cause existed under § 707(a) to grant the Debtor's motion to dismiss her chapter 7 petition.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel ("BAP") of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

We review the decision of the bankruptcy court to grant the motion to dismiss pursuant to § 707(a) for an abuse of discretion. *See Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1126 (6th Cir. 1991); *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 433 (B.A.P. 8th Cir. 2000). A court abuses its discretion when it "relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Fleischut v. Nixon Detroit Diesel, Inc.,* 859 F.2d 26, 30 (6th Cir. 1988). "Under this standard, we cannot reverse unless we have a definite and firm conviction that the trial court committed a clear error of judgment in its conclusion it reached upon weighing the relevant factors." *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 365 (B.A.P. 9th Cir. 2004).

## III. FACTS

The Debtor filed her chapter 7 petition on January 13, 2004. Her schedules reflect a "Passcorp Inc. annuity for structured settlement of personal injury sustained 1987." Even though she anticipated receiving future payments, $10,000 of which would be received within six weeks of filing her bankruptcy, the Debtor's schedules indicated that the value of the annuity was $0.00. The annuity represented a settlement for the Debtor's injuries incurred in an automobile accident. Under the annuity, in addition to payments she had previously received, the Debtor was scheduled to receive the following future payments:

| Payment Date | Amount |
| --- | --- |
| February 26, 2004 | $10,000 |
| February 26, 2006 | $12,000 |
| February 26, 2008 | $15,000 |
| February 26, 2011 | $21,950 |
| Total | $58,950 |

The Debtor did not claim the annuity as exempt, and on March 16, 2004, the Trustee filed a motion requesting that the bankruptcy court direct Prudential Annuity Services to turn over the annuity payments due on the contract. The Trustee asserts that the Debtor's schedules reflect $475 in assets and $41,928 in unsecured claims. The Trustee also asserts that pursuant to schedules I and J, the Debtor's monthly net income is $1,157 and her monthly expenses are $1,267. The Debtor did not dispute this information.

The Debtor filed an objection to the Trustee's motion for turnover and also filed a motion to dismiss her chapter 7 petition. In her objection and motion to dismiss, the Debtor asserts that her medical condition has progressively declined causing increased pain and the need for one or more operations. The Debtor states that the annuity payments are needed to pay her ongoing medical expenses. The Debtor further asserts that the dismissal of her case will be more fair to creditors because she proposes a payment of her debts to her creditors that will ultimately pay more to the creditors than they would receive by virtue of the Trustee's motion for turnover, particularly in light of the administrative fees that would be paid to the Trustee. Finally, the Debtor asserts that the annuity was proposed with an anti-alienation provision which, outside of bankruptcy, will prevent

attachment of the funds by the creditors. The annuity contract, however, was not introduced into evidence at the bankruptcy court.

The Trustee objected to the Debtor's motion to dismiss on the basis that a debtor in chapter 7 does not have an absolute right to dismiss her bankruptcy case. The Debtor must show cause for dismissal and a lack of prejudice to the creditors. The Trustee pointed out that the Debtor has not provided any details of any payment plan for the creditors such as the percentage creditors will receive, when they will be paid, or how the plan will be funded. Further, if the annuity contract does include an anti-alienation clause, then outside of bankruptcy the Debtor's creditors will be unable to reach the proceeds of the annuity.

Hearings were held on May 11, 2004 and May 18, 2004. No testimony was taken at either hearing. The bankruptcy court found that the test of whether cause exists for the Debtor to dismiss her chapter 7 petition is whether dismissal is in the best interests of the Debtor and her creditors. The court found that the Debtor's best interest obviously was in having the case dismissed and permitting her to reduce the administrative expenses incurred in the chapter 7, leaving her with resources to work out her debts. The court further found that the Trustee had failed to demonstrate that the creditors would be prejudiced because they would be adequately protected if the Debtor's case was dismissed by virtue of their state law remedies. Therefore, the bankruptcy court granted the Debtor's motion to dismiss and the Trustee filed his timely notice of appeal.

## IV. DISCUSSION

11 U.S.C. § 707(a) provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause." The Debtor does not have an absolute right to dismiss a chapter 7 petition. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004). As the movant, the Debtor has the burden of showing cause for dismissal. *In re Horan*, 304 B.R. 42 (Bankr. D. Conn. 2004). "[A] debtor's ability to repay her debts will not, on its own, constitute 'cause' for dismissal." *In re Hopkins*, 261 B.R. 822, 823 (Bankr. E.D. Pa. 2001); *see also Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000); *In re Foster*, 316 B.R. 718, 721 (Bankr. W.D. Mo. 2004). "If dismissal would prejudice the creditors, then it will ordinarily be denied." *Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.),* 857 F.2d 1061, 1063 (5th Cir. 1988). *See also In re Harker,* 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995) ("[I]f creditors are

prejudiced in any respect by the dismissal or if the trustee has acquired funds for distribution, a request by the debtor for dismissal will be denied."). "Prejudice exists where assets which would be available for distribution are lost as a result of the dismissal." *In re Byam*, No. 02-80538, 2002 WL 32123991, at *1 (Bankr. C.D. Ill. Aug. 14, 2002) (citing *In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999)).

### *Burden To Establish That Dismissal Will Not Prejudice Creditors*.

The case law clearly places on the Debtor the burden of proving cause for voluntarily dismissing her chapter 7 petition. A core issue in determining whether the Debtor has established cause is whether the dismissal will prejudice the creditors. *In re Stephenson*, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001); *see also Bartee*, 317 B.R. at 366 (debtor bears the burden of proving that dismissal will not prejudice her creditors). In requiring the Trustee to prove prejudice to the creditors, the bankruptcy court in the case before the Panel abused its discretion and inappropriately shifted the burden of establishing cause for dismissal from the Debtor to the Trustee.

### *Debtor Failed to Establish Cause*.

In this case, the Debtor asserts that she needs the stream of payments that will be provided by the annuity for her continuing medical needs. However, she presented no evidence of the truth of these assertions either in the form of statements of her doctors reflecting the details or cost of any further medical needs or in the form of testifying herself to provide this information. "Assertions by counsel do not constitute probative evidence." *McClure v. Dome (In re McClure)*, 234 B.R. 889, 890 (Bankr. N.D. Tex. 1999). *See also Nielsen v. DLC Invest., Inc. (In re Nielsen)*, 211 B.R. 19, 22 n.3 (B.A.P. 8th Cir. 1997) (statements of counsel are not evidence unless expressly stipulated as admissible evidence); *Smith v. GTE North Inc. (In re Smith)*, 170 B.R. 111, 117 (Bankr. N.D. Ohio 1994) (statements of counsel are not probative evidence); *In re Haymaker*, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) (statements of counsel are not evidence).

However, even if the Debtor had presented evidence as to her medical needs, she still would have failed to establish cause for dismissal because she failed to establish that her creditors would not be prejudiced if she were permitted to dismiss her bankruptcy case. The Debtor argues that her creditors will not be prejudiced because, at the time of the hearings, she was in the process of negotiating a payment plan with the creditors.

In *Bartee*, the debtors wanted to dismiss their chapter 7 petition and proposed and filed a "Planned Course of Action" by which they would repay their creditors from money obtained by selling Mr. Bartee's business interest to one of his partners. Although the details of the proposed plan were articulated to the bankruptcy court, Mr. Bartee's plan was not supported by documentary evidence or affidavits. In denying the debtors' motion to dismiss, the bankruptcy court found that the "proposed course of action to be followed if the case is dismissed is too speculative to give this court confidence that the interests of all pertinent parties would be served with dismissal." *Bartee*, 317 B.R. at 365 (quoting *In re Bartee*, No. 03-23700-C-7, slip op. at 1 (Bankr. E.D. Calif. July 17, 2003)). The Bankruptcy Appellate Panel for the Ninth Circuit affirmed the decision of the bankruptcy court, stating:

> Dismissal of debtors' case would have prejudiced their creditors, because there is no guarantee that debtors will pay their debts outside of bankruptcy.
>
> We agree with the bankruptcy court that debtors' plan for liquidating assets was too speculative to establish the lack of prejudice that is a prerequisite to dismissal. While debtors insist that they had arranged to sell Mr. Bartee's interest in his business, the record is devoid of any evidence of this arrangement. Moreover, debtors did not offer any evidence that they would be bound to use the sale proceeds to pay their creditors if such a sale came to pass.

*Bartee*, 317 B.R. at 366. *See also In re Williams*, 305 B.R. 618, 621 (Bankr. D. Conn. 2004) (debtor's motion to dismiss denied where his asserted plan to pay all creditors outside of bankruptcy in full from inheritance proceeds is made without a practical, assured method of compliance); *In re Foster*, 316 B.R. at 721 (court found a lack of evidence or assurance that debtors could or would follow through on assertions that creditors would be paid outside of bankruptcy); *In re Byam*, 2002 WL 32123991, at *1 (debtor's motion to dismiss denied where debtor's vow to pay unsecured creditors outside of the bankruptcy case is not sufficient cause to dismiss the bankruptcy nor is it sufficient to dispel the prejudice to creditors) (citing *Turpen*, 244 B.R. 431); *In re Hopkins*, 261 B.R. at 823 (debtor's own testimony and schedules cast doubt on her ability to pay creditors).

Here, the Debtor provided even less evidence of her proposed plan to pay her creditors outside of bankruptcy than did the debtors in *Bartee*. She failed to provide *any* details of her proposed plan. The Debtor's schedules reflect that she has no excess income and that she proposed to use some or all of the income from the annuity for herself. Therefore, the Debtor failed to show how she would be able to follow through with making any proposed payments to her creditors.

The Debtor failed to establish an evidentiary basis for her assertion that dismissal is necessary due to her continuing medical needs, and she failed to carry her burden of proving that dismissal of her bankruptcy petition will not prejudice her creditors. Accordingly, the Debtor failed to establish the "cause" needed to dismiss her bankruptcy petition pursuant to 11 U.S.C. § 707(a).

## V. CONCLUSION

The decision of the bankruptcy court is **REVERSED**. The bankruptcy court order dismissing the case is vacated and the court is ordered to reinstate the case on its docket.