NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.    CC-18-1186-TaLS |
| YOANA AYANOVA KIPRILOV, | Bk. No.    6:18-bk-12309-SC |
| Debtor. | |
| YOANA AYANOVA KIPRILOV, | |
| Appellant, | |
| v. | MEMORANDUM* |
| LOREN PAUL ZAHN; JEFFREY L. HOFFER, | |
| Appellees. | |

Submitted Without Oral Argument on October 24, 2019
at Pasadena, California

Filed – October 28, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Scott C. Clarkson, Bankruptcy Judge, Presiding

---

Appearances:     Yoana Ayanova Kiprilov on brief pro se; Barry Z.
Brodsky, Steve R. Belilove, and Vincent S. Green of
Kaufman Dolowich Voluck LLP on brief for appellee
Loren Paul Zahn.

---

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Yoana Ayanova-Kiprilov filed a chapter 7[1] bankruptcy petition while embroiled in a dispute with her former attorneys. She reached a postpetition settlement of the dispute and then requested dismissal of her bankruptcy. Before hearing on her motion, the bankruptcy court entered a discharge order. Eight days later, it orally denied the motion to dismiss. The next day, Ms. Ayanova-Kiprilov filed a notice of appeal of the discharge order, and thereafter the bankruptcy court entered its order denying her dismissal request.

On appeal, Ms. Ayanova-Kiprilov argues that the bankruptcy court erred when it denied her dismissal motion. But she did not appeal from that decision and did not provide a record that allows us to review it. And we cannot address her request that we purge the public record of evidence

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

that she sued her attorneys and initiated a bankruptcy.

Accordingly, we AFFIRM.

## FACTS

Ms. Ayanova-Kiprilov filed a chapter 7 petition.[2] Thereafter, she filed a notice of removal of a state court lawsuit targeting her former attorneys and created an adversary proceeding. The attorneys filed a proof of claim.

In the adversary proceeding, the attorneys filed a motion to dismiss. And at a status conference, the bankruptcy court engineered an elegant resolution. It confirmed that: (1) Ms. Ayanova-Kiprilov's complaint asserted only prepetition defensive claims and did not seek affirmative recoveries from the attorneys; and (2) the attorneys agreed that their claims were dischargeable. So, the bankruptcy court granted the motion to dismiss the adversary proceeding: to the extent the complaint alleged affirmative claims, Ms. Ayanova-Kiprilov lacked standing; and, to the extent the complaint sought a reduction in counsels' claim, it was either premature or unnecessary.

During the hearing, Ms. Ayanova-Kiprilov asked if it would be possible to withdraw her bankruptcy. The bankruptcy court appropriately declined this informal request for relief.

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and the adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Shortly thereafter, the chapter 7 trustee filed his report of no distribution, and Ms. Ayanova-Kiprilov filed a motion to dismiss the bankruptcy case. She requested dismissal because she had settled the disputes with her attorneys that led her to file a chapter 7 bankruptcy and now no longer needed bankruptcy protection.

While the case dismissal motion was pending, the bankruptcy court entered Ms. Ayanova-Kiprilov's chapter 7 discharge. It later orally denied the case dismissal motion.

Thereafter, Ms. Ayanova-Kiprilov filed a notice of appeal from the discharge order. Later that day, the bankruptcy court entered an order denying her case dismissal motion (the "Dismissal Denial Order") for the reasons set forth on the record and for good cause shown.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err when it denied Ms. Ayanova-Kiprilov's motion to dismiss her bankruptcy case?

## STANDARD OF REVIEW

We review for abuse of discretion a bankruptcy court's denial of a debtor's motion to dismiss a voluntary chapter 7 case. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 365 (9th Cir. BAP 2004).

**DISCUSSION**

On appeal, Ms. Ayanova-Kiprilov reiterates the argument she made in her motion to dismiss and alleges error. Although we liberally construe her briefs due to her pro se status, *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (9th Cir. BAP 1995), her appeal has no merit. The problems are multiple.

First, she did not appeal the Dismissal Denial Order; she appealed from the discharge order. And on appeal, she advances no argument relevant to entry of her discharge. We may affirm an appeal from the discharge order on this basis. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived.").

As to the Dismissal Denial Order, we acknowledge that, in many instances, such orders are interlocutory and merge into a later, final order. In such a case, a premature appeal is not fatal. But here the Dismissal Denial Order was entered *after* the discharge order—it cannot, as a result, merge into it. We could dismiss as to the Dismissal Denial Order because she failed to file a timely appeal.

And, even if we assume she somehow correctly appealed from the Dismissal Denial Order, we must affirm because we lack a record that allows for adequate abuse of discretion review. The Dismissal Denial Order states that the motion was denied for the reasons stated on the record.

Where a bankruptcy court makes findings of fact and conclusions of law on the record, the appellant must include the transcript as part of the excerpts of record on appeal. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416–17 (9th Cir. BAP 1999); Fed. R. Bankr. P. 8009(a)(4). Here, Ms. Ayanova-Kiprilov did not do so. Nor can we find a copy of the transcript on the bankruptcy court's docket. We, thus, cannot meaningfully or adequately review the Dismissal Denial Order and summary affirmance is appropriate. *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1189 (9th Cir. 2003).

Last, in her brief, Ms. Ayanova-Kiprilov notes that various websites contain information about her lawsuits. She alleges that, as a result, she is stigmatized and asks us to order those websites to remove her name from the search results; she wants to purge the public record of all evidence of the lawsuits and the bankruptcy that led to the settlement. But we lack any authority to do this. We cannot alter the dockets of the bankruptcy and state courts, and we cannot control the electronic availability of the data contained therein. Accordingly, we deny this request.

## CONCLUSION

Based on the foregoing, we AFFIRM.