[No. D055266. Fourth Dist., Div. One. Apr. 29, 2010.]

CMRE FINANCIAL SERVICES, INC., Plaintiff, Cross-defendant and Respondent, v.
PAMELA D. PARTON, Defendant, Cross-complainant and Appellant.

■■■■■■■■■■■■■■■■■■■■■■■■

COUNSEL

Legal Aid Society of San Diego, Alysson Snow and Daniel L. Benson for Defendant, Cross-complainant and Appellant.

Franklin J. Love for Plaintiff, Cross-defendant and Respondent.

OPINION

**BENKE, Acting P. J.**—Following the separation of husband and wife, husband was hospitalized and incurred substantial hospital and medical fees. Thereafter wife filed a petition for dissolution of marriage, which was granted. The judgment of dissolution did not assign to wife any liability for husband's hospital and medical costs.

Although under Family Code[1] section 914 wife was liable for the costs incurred by husband for "necessaries," including hospital and medical fees, that liability was subject to the provisions of section 916. Under section 916, following dissolution of a marriage a nondebtor spouse is only liable for debts incurred by the former spouse during their marriage if the debt is assigned to the nondebtor spouse by the judgment of dissolution. Accordingly, the trial court erred in entering judgment against wife for the hospital and medical fees the former husband incurred following their separation and in dismissing wife's cross-complaint against the assignee of the hospital's fee claim. Thus, we reverse the trial court's judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2006, Pamela D. Parton (Pamela) called police to the home she shared with her then husband, Daniel W. Parton (Daniel). Pamela told the police her husband had engaged in domestic violence against her. Very shortly thereafter Pamela obtained a restraining order and the couple separated.

On February 23, 2006, after the Partons had separated, Daniel was admitted to Tri-City Medical Center. The record suggests he was suffering from severe emotional illness. Daniel was released from the hospital on February 27, 2006.

---

[1] All statutory references are to the Family Code unless otherwise specified.

On May 17, 2006, Pamela filed a petition for dissolution of her marriage. In her schedule of assets and debts, Pamela stated the Tri-City hospital debt belonged to Daniel. A judgment of dissolution was entered on September 26, 2006. The judgment did not assign the hospital obligation to Pamela.

On January 24, 2008, CMRE Financial Services, Inc. (CMRE), as assignee of Tri-City hospital, filed a complaint against both Partons. The complaint alleged the Partons owed CMRE $26,083, plus interest and attorney fees. Pamela filed an answer denying the material allegations of the complaint and a cross-complaint alleging that by sending her collection notices, CMRE had violated the provisions of the Fair Debt Collection Practices Act, title 15 United States Code section 1692 et seq. CMRE was unable to serve Daniel and he was dismissed without prejudice.

CMRE filed a demurrer to Pamela's cross-complaint. CMRE alleged Pamela was liable for Daniel's necessaries under section 914 and that, notwithstanding section 916, Pamela was not relieved of that liability by virtue of her dissolution judgment. The trial court sustained CMRE's demurrer without leave to amend. Thereafter the trial court tried CMRE's claims and entered judgment against Pamela for $26,083, plus interest, attorney fees and costs. Pamela timely appealed.

## DISCUSSION

### I

On appeal, Pamela argues her dissolution judgment relieved her of any liability to CMRE that may have arisen under section 914. We agree.

Section 914, subdivision (a), states: "Notwithstanding Section 913, a married person is personally liable for the following debts incurred by the person's spouse during marriage:

"(1) A debt incurred for necessaries of life of the person's spouse while the spouses are living together.

"(2) Except as provided in Section 4302, a debt incurred for common necessaries of life of the person's spouse while the spouses are living separately."

Section 4302 in turn provides: "A person is not liable for support of the person's spouse when the person is living separate from the spouse by

agreement unless support is stipulated in the agreement." Thus, there is no dispute that a "spouse is also personally liable for a debt incurred for 'common necessaries of life' of his or her spouse while the spouses are living separately . . . *except* that if the debt is incurred while they are *separated under an agreement*, the other spouse is personally liable only if liability for support is stipulated to in the agreement." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2009) ¶ 8:753, p. 8-187 (rev. # 1, 2004).)

 As Pamela argues, one spouse's liability for the other spouse's necessaries while the spouses are living separately is subject not only to the terms of any separation agreement between them, it is also subject to any assignment of debts made at the time their marriage is dissolved. Section 916, subdivision (a), states in pertinent part: "(a) *Notwithstanding any other provision of this chapter*, after division of community and quasi-community property pursuant to Division 7 (commencing with Section 2500):

"(1) The separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person before or during marriage and the person is personally liable for the debt, whether or not the debt was assigned for payment by the person's spouse in the division.

"(2) The separate property owned by a married person at the time of the division and the property received by the person in the division is not liable for a debt incurred by the person's spouse before or during marriage, and *the person is not personally liable for the debt*, unless the debt was assigned for payment by the person in the division of the property. Nothing in this paragraph affects the liability of property for the satisfaction of a lien on the property." (Italics added.)

Prior to enactment of the statutory predecessor to section 916, spouses were liable for community debts following dissolution of a marriage. (*Dawes v. Rich* (1997) 60 Cal.App.4th 24, 29–30 [70 Cal.Rptr.2d 72].) "In 1984, however, the Legislature substantially changed the postmarital liability of spouses. 'The Legislature determined that, under most circumstances, after a marriage has ended, it is unwise to continue the liability of spouses for community debts incurred by former spouses.' [Citation.] It enacted former Civil Code section 5120.160, which provided in pertinent part that, upon the dissolution of the marriage, 'the property received by [a married] person in the division is not liable for a debt incurred by the person's spouse before or

during marriage, and the person is not personally liable for the debt, unless the debt was assigned for payment by the person in the division of the property.' [Citation.] When the Family Code was enacted in 1992, Civil Code section 5120.160 became Family Code section 916." (*Mejia v. Reed* (2003) 31 Cal.4th 657, 665 [3 Cal.Rptr.3d 390, 74 P.3d 166]; accord, *Dawes v. Rich, supra,* 60 Cal.App.4th at pp. 29–30.)

Contrary to CMRE's contention, section 914 is not a species of a joint and several liability which is personally incurred by both spouses and for that reason outside the scope of section 916. Such an interpretation is inconsistent with the express terms of section 914 itself. By its terms section 914 governs "debts incurred by the person's spouse." This language confirms that the Legislature views one spouse's liability for the other spouse's postseparation necessaries as entirely derivative and not personally incurred by the supporting spouse. We also note the liability imposed by section 914 can be avoided by the simple expedient of entering into a separation agreement which does not provide for support. (§ 914, subd. (a)(2).) This express means of avoiding the liability otherwise imposed by section 914 entirely undermines any suggestion that in creating a support obligation between separated spouses the Legislature meant to impose a duty which could not be altered by agreement between the spouses or later order of the family court.

Our conclusion a dissolution judgment relieves a spouse of liability imposed by section 914 is of course supported by the express terms of section 916, which make all other provisions of that chapter of the Family Code, including section 914, subject to the protection section 916 provides to former spouses following dissolution of a marriage. It is also consistent with the manner in which our courts have applied section 916.

For example, in *In re Marriage of Braendle* (1996) 46 Cal.App.4th 1037, 1041–1043 [54 Cal.Rptr.2d 397], a third party creditor obtained a judgment against one spouse while dissolution proceedings were pending. Nonetheless, the court held a later dissolution judgment protected property assigned to the nondebtor spouse because the third party debtor had not obtained a judgment lien against the property prior to entry of the dissolution judgment. "Once the marriage was dissolved and division of community property had occurred . . . the provisions of section 916 of the Family Code control." (*Id.* at p. 1042, fn. omitted.)

The only exception to application of section 916 our courts have recognized is where a creditor alleges a marital settlement agreement violates the

separate provisions of the Uniform Fraudulent Transfer Act, Civil Code sections 3439 through 3439.12 (UFTA). (See *Mejia v. Reed, supra,* 31 Cal.4th at pp. 668–669.) Significantly, in reaching that conclusion the court noted that the legislative history of both section 916 and the UFTA shed no light on what the Legislature intended when a conflict between the two statutes arose. (31 Cal.4th at p. 668.) The court upheld application of the UFTA solely because it found the antifraud policies of the UFTA took precedence over the finality policies embodied in section 916. (31 Cal.4th at p. 669.) Here of course no such countervailing fundamental policy is implicated.

■ In sum, as we interpret sections 914 and 916, although spouses have an obligation to support each other while separated, they can avoid that obligation by way of agreement between themselves. (§ 914.) Moreover, any liability for support which arose during the parties' separation ceases following dissolution of the marriage, unless the court orders it extended. (§ 916, subd. (a)(2).)

## II

■ In light of our interpretation of sections 914 and 916, Pamela is not liable for the cost of Daniel's hospitalization. The dissolution judgment did not assign that debt to her and section 916, subdivision (a)(2), therefore relieved her of any liability for it. Thus, the judgment entered against Pamela must be reversed with instructions that CMRE's complaint be dismissed.

■ The order sustaining CMRE's demurrer to Pamela's cross-complaint must also be reversed. In attempting to collect any debt, it is unlawful for a debt collector to falsely represent the character of any debt. (15 U.S.C. § 1692e(2)(A).) Because Pamela was not liable for the debt, arguably CMRE's collection efforts, which included demand letters, were a violation of title 15 United States Code section 1692e(2)(A). (See *Clark v. Capital Credit & Collection Servs.* (9th Cir. 2006) 460 F.3d 1162, 1176.) Thus, Pamela's cross-complaint states a claim under the Fair Debt Collection Practices Act. (460 F.3d at p. 1176.)

We recognize that in March 2007 Pamela notified CMRE that she was not living with Daniel at the time of his hospitalization and had filed a petition for dissolution of her marriage. We also recognize that CMRE argues the information Pamela provided did not show that she was free of responsibility for Daniel's debt. However, whether the information Pamela provided CMRE was sufficient to deprive CMRE of the good faith defense provided by title 15 United States Code section 1692k(c) is a factual issue which will have to be resolved on remand. (*Ibid.*)

## DISPOSITION

The judgment is reversed and remanded with instructions that CMRE's complaint be dismissed and the order sustaining CMRE's demurrer to Pamela's cross-complaint be vacated.

Pamela to recover her costs of appeal.

Huffman, J., and Irion, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 14, 2010, S183358.