
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: BILL MARTIN PARKER, | ) | No. 12-60047 |
| Debtor. | ) ) | BAP No. NC-11-1566-JuKiJo |
| | ) ) | |
| ALBERT P. WILCOX, | ) | **MEMORANDUM**[*] |
| Appellant, | ) ) ) | |
| v. | ) ) | |
| BILL MARTIN PARKER, | ) ) | |
| Appellee. | ) ) ) | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Kirscher, and Johnson, Bankruptcy Judges, Presiding

Submitted July 9, 2013[**]
San Francisco, California

Before:     FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Albert P. Wilcox appeals the Bankruptcy Appellate Panel's (BAP) decision[1] affirming the bankruptcy court's determination that he was not entitled to the benefit of judicial estoppel in his pursuit of a  fraud claim against Bill Martin Parker.  We affirm.[2]

The BAP's opinion upholding the bankruptcy court's decision is concise and persuasive.  We, therefore, adopt its discussion and determination that on the facts of this case the doctrine of judicial estoppel does not apply.[3]

AFFIRMED.

---

[1]Wilcox v. Parker (In re Parker), 471 B.R. 570 (B.A.P. 9th Cir. 2012).

[2]We review the BAP's decision de novo.  See Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir. 2009).  The bankruptcy court's legal conclusions are likewise reviewed de novo, and its "decision whether to invoke judicial estoppel is reviewed for abuse of discretion." Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193, 1198 (9th Cir. 2012).

[3]In his reply brief, Wilcox asserts that Parker commenced his bankruptcy action in bad faith.  He did not raise that claim before the BAP or in his opening brief.  We decline to consider it. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).