
**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   SC-18-1234-FBKu |
| CARLOS CARRION, JR., | Bk. No.   11-10508-MM7 |
| Debtor. | Adv. Pro.   17-90089-MM |
| U.S. DEPARTMENT OF EDUCATION, | |
| Appellant, | |
| v. | **OPINION** |
| CARLOS CARRION, JR., | |
| Appellee. | |

Submitted without argument on May 23, 2019

Filed – May 31, 2019

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

───────────

Appearances:     Adam L. Braverman, Robert S. Brewer, Jr., and Glen F.
Dorgan on the brief for appellant U.S. Department of

Education; Jake A. Walton on the brief for appellee Carlos Carrion, Jr.

_____

Before: FARIS, BRAND, and KURTZ, Bankruptcy Judges.

FARIS, Bankruptcy Judge:

## INTRODUCTION

Chapter 7[1] debtor Carlos Carrion, Jr. wanted to eliminate his obligation to repay an educational loan. He did not contend that the loan was dischargeable under § 523(a)(8). Instead, he argued that the loan was unenforceable against him, contending that he was a victim of fraud and identity theft and did not authorize the loan. The bankruptcy court rejected these contentions, and Mr. Carrion did not appeal. But the court also held that Mr. Carrion is liable for only one-half of the educational loan, based on California Family Code ("CFC") section 916 and a marital settlement agreement ("MSA") with his ex-wife. The educational loan creditor, U.S. Department of Education (the "Department"), appeals this aspect of the bankruptcy court's decision. It argues that the bankruptcy court misapplied CFC section 916 and that the entire debt should be nondischargeable as to Mr. Carrion.

We agree with the Department. Accordingly, we REVERSE and REMAND.

_____

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

# FACTUAL BACKGROUND[2]

## A.    The educational loan

Mr. Carrion was married to Laura Barajas. In 2010, Mr. Carrion's and Ms. Barajas' son Mikel intended to enroll at Biola University. To fund his education, Mr. Carrion and Ms. Barajas considered various financing options.

In August 2010, the Department received an application for a Federal Direct PLUS Loan purportedly on behalf of Mr. Carrion and containing Mr. Carrion's typed, electronic signature. The application also served as a promissory note. The Department processed the loan and disbursed $21,894 to Biola University to cover Mikel's tuition costs.

Mr. Carrion and Ms. Barajas separated in February 2011. Ms. Barajas filed a petition for dissolution of marriage in June 2011.

## B.    The joint chapter 7 bankruptcy

Also in June 2011, Mr. Carrion and Ms. Barajas filed a joint chapter 7 bankruptcy petition. They scheduled the $21,894 educational loan debt owed to the Department and indicated that the debt belonged to Mr. Carrion by designating it with an "H" (for "husband"). Both Mr. Carrion and Ms. Barajas electronically signed the petition and

---

[2] We borrow from the bankruptcy court's findings of fact (none of which was challenged on appeal) and conclusions of law. We also exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

schedules under penalty of perjury.

The bankruptcy court granted Mr. Carrion and Ms. Barajas their discharges in September 2011.

## C.    The marital settlement agreement

In 2013, Mr. Carrion and Ms. Barajas finalized their divorce and executed the MSA. The MSA listed their liabilities in Exhibit D to the agreement and provided that "[t]he parties' obligations have been divided equally between the parties pursuant to their agreement." It further stated that "[w]ith the exception of the parties' son's student loan, each party shall assume the debt incurred in his or her name after the date of separation as their sole and separate property." They initialed Exhibit D, which confirmed that they would each be liable for "1/2" of the "Student Loan (Son)."

## D.    Mr. Carrion's claim of identity theft

The educational loan became due in January 2016, when the deferment period ended. The Department sent Mr. Carrion a billing statement indicating a $32,124.42 balance. Mr. Carrion denied that he owed the debt and filed a police report, claiming that he was a victim of identity theft and fraud. He also filled out an affidavit stating that Ms. Barajas perpetrated the fraud and submitted the loan application without his knowledge. The loan servicer rejected his claim of identity theft.

4

## E. The adversary proceeding

Mr. Carrion initiated an adversary proceeding against the Department, seeking a determination that the debt was void because the promissory note was executed as a result of identity theft and that the educational loan debt was discharged. He stated that he "had no knowledge of the Debt" and that Ms. Barajas "misappropriated Plaintiff's identity in order to execute the Note without Plaintiff's knowledge or consent" and "concealed the existence of the Debt from Plaintiff."

The Department asserted that the educational loan debt was nondischargeable under § 523(a)(8) absent a showing of undue hardship.

## F. Trial and decision

The bankruptcy court held a trial on Mr. Carrion's complaint.[3] At the conclusion of trial, the bankruptcy court ordered additional briefing on the issue of the application of the California Family Code, apparently concerning the effect of the MSA on Mr. Carrion's liability for the educational loan debt.

The Department contended that CFC section 916(a)(1) provides that a person is personally liable for debt that he incurred before or during

---

[3] Neither party ordered a copy of the trial transcript. We may presume that nothing in the transcript would help the parties' respective positions. *See Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994) ("We are entitled to presume that [an appellant who does not provide a transcript] does not think the trial transcript helpful in that regard.").

marriage, regardless whether the debt was assigned to the person's spouse under the MSA. It acknowledged that subsection (a)(3) holds the nondebtor spouse personally liable for the debt if it was assigned for payment by the nondebtor spouse in the division of property. It argued that the MSA "allocated to Plaintiff one-half of the obligation to repay the student loan at issue in this case. Accordingly, should this Court reject Plaintiff's identity theft claims, Plaintiff will remain personally liable to the Department for the full amount of the student loan pursuant to [CFC] Section 916(a)(1)."

Mr. Carrion maintained that he did not owe any of the educational loan debt. He denied that the student loan referred to in the MSA was the Federal Direct PLUS Loan at issue.

The bankruptcy court found Mr. Carrion's identity theft claim unpersuasive, particularly given his statements in his 2011 bankruptcy schedules that he was liable for the loan and the 2013 MSA, which allocated the liability for the debt equally between himself and Ms. Barajas. It ruled that, even if the educational loan was obtained without his consent, he ratified the loan.

The bankruptcy court held that the Department had met its burden of proving that the educational loan debt was excepted from discharge under § 523(a)(8). Of relevance to this appeal, the court held that, even though Mr. Carrion ratified the loan and is liable for it, "the allocation of liability in the MSA is nevertheless binding upon the Department, meaning that Barajas

6

and Carrion are each liable for one/half of the loan." The court concluded, "One half of the unpaid loan balance of $36,071.91, or $18,035.96, is non-dischargeable as to Carrion."

The Department timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in holding that Mr. Carrion owed only half of the student loan debt.

## STANDARD OF REVIEW

We review the bankruptcy court's conclusions of law de novo. *See Litton Loan Servicing v. Garvida (In re Garvida)*, 347 B.R. 697, 703 (9th Cir. BAP 2006). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

## DISCUSSION

**A.    The bankruptcy court erred in holding that Mr. Carrion was liable for only half of the educational loan debt.**

The sole issue on appeal is the bankruptcy court's interpretation of section 916 of the California Family Code. The Department essentially argues that the bankruptcy court misconstrued section 916 by reading

subsection (a)(2) in isolation without reference to subsection (a)(1). We agree.

Section 916 provides, in its entirety:

(a) Notwithstanding any other provision of this chapter, after division of community and quasi-community property pursuant to Division 7 (commencing with Section 2500):

(1) The separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person before or during marriage and the person is personally liable for the debt, whether or not the debt was assigned for payment by the person's spouse in the division.

(2) The separate property owned by a married person at the time of the division and the property received by the person in the division is not liable for a debt incurred by the person's spouse before or during marriage, and the person is not personally liable for the debt, unless the debt was assigned for payment by the person in the division of the property. Nothing in this paragraph affects the liability of property for the satisfaction of a lien on the property.

(3) The separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person's spouse before or during marriage, and the person is personally liable for the debt, if the debt was assigned for payment by the person in the division of the

property. If a money judgment for the debt is entered after the division, the property is not subject to enforcement of the judgment and the judgment may not be enforced against the married person, unless the person is made a party to the judgment for the purpose of this paragraph.

(b) If property of a married person is applied to the satisfaction of a money judgment pursuant to subdivision (a) for a debt incurred by the person that is assigned for payment by the person's spouse, the person has a right of reimbursement from the person's spouse to the extent of the property applied, with interest at the legal rate, and may recover reasonable attorney's fees incurred in enforcing the right of reimbursement.

Cal. Fam. Code § 916.

In plain english, section 916 means that, if Spouse A and Spouse B divorce:

(1) Spouse A remains liable for Spouse A's own debts, even if an MSA requires Spouse B to pay some or all of those debts;

(2) Spouse A is not liable for any of Spouse B's debts, except for any of Spouse B's debts that the MSA requires Spouse A to pay;

(3) Spouse A is liable for any of Spouse B's debts that the MSA requires Spouse A to pay;

(4) If Spouse A pays any debts that the MSA requires Spouse B to pay, Spouse B must reimburse Spouse A; and

(5) Vice versa.

9

The Department argues on appeal that the bankruptcy court improperly limited Mr. Carrion's liability for the educational loan debt by only applying CFC section 916(a)(2) or (a)(3) and ignoring section 916(a)(1).[4] It contends that, under section 916(a), "a debtor spouse remains personally liable for his or her debts incurred during marriage, regardless of the terms of any marital settlement agreement[,]" and the bankruptcy court correctly concluded that Mr. Carrion is the debtor spouse. Accordingly, Mr. Carrion "remains personally liable for his student loan with the Department notwithstanding the 50-50 division of his debt in the parties' MSA."

We agree with the Department. Although we have not found any case directly on point with regard to student loan debt, the language of the statute (while hard to read) is not ambiguous. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."); *Heritage Pac. Fin. LLC v. Montano (In re Montano)*, 501 B.R. 96, 106 (9th Cir. BAP 2013)

---

[4] The Department appears to misapprehend part of the bankruptcy court's ruling. It complains that the bankruptcy court "entered judgment discharging one-half of the Student Loan, leaving a total of $18,035.96, plus interest, for which Appellee remains liable." The bankruptcy court did not discharge any part of the debt under § 523(a)(8); to the contrary, it held that the educational loan was covered by that section and that Mr. Carrion did not demonstrate undue hardship. It held that Mr. Carrion simply did not owe the other half of the debt and confirmed that "his" half of the debt was "non-dischargeable as to Carrion."

(same, applying California law). Mr. Carrion remained personally liable for his own educational loan debt, even though the MSA allocated half of that debt to Ms. Barajas. *See Huskey v. Huskey (In re Huskey)*, 183 B.R. 218, 221 (Bankr. S.D. Cal. 1995) ("The California Family Code recognizes that personal liability remains for community obligations assigned to the other spouse. The remedy is to pay the debt and seek reimbursement from the spouse assigned the debt." (citing Cal. Fam. Code §§ 916(a)(1) and (b)).

The bankruptcy court erred when it decided that subsection (a)(2) relieved Mr. Carrion of half of the debt. Pursuant to subsection (a)(2), Ms. Barajas became liable for the half of Mr. Carrion's educational loan debt that the MSA assigned to her. *See In re Marriage of Braendle*, 46 Cal. App. 4th 1037, 1042 (1996) ("Subdivision (a)(2) makes clear that former community estate property received by the nondebtor spouse at division is liable only if the nondebtor spouse is assigned the debt in division."). But subsection (a)(1) makes clear that Ms. Barajas' assumption of half of the debt did not relieve Mr. Carrion of liability for the entire debt.

Accordingly, the bankruptcy court erred when it failed to apply subsection (a)(1) and focused exclusively on subsections (a)(2) and (a)(3). On remand, the bankruptcy court is directed to enter judgment that Mr. Carrion is liable for the entire amount of the debt and that the debt is nondischargeable as to Mr. Carrion.

## B. Mr. Carrion's judicial estoppel argument is meritless.

Mr. Carrion does not address the Department's points on appeal. He only contends that the Department is judicially estopped from arguing that the MSA is not controlling, because it relied on the MSA in the bankruptcy court. His position is meritless.

Judicial estoppel is an equitable doctrine that "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Wilcox v. Parker (In re Parker)*, 471 B.R. 570, 576 (9th Cir. BAP 2012), *aff'd*, 533 F. App'x 740 (9th Cir. 2013) (quoting *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008)). We consider three elements when applying judicial estoppel: "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *Id.* (quoting *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008)).

The Department is not raising inconsistent arguments. It argued before the bankruptcy court that the MSA was proof that Mr. Carrion ratified the educational loan debt. It also raised the issue of liability for the debt under CFC section 916(a)(1), claiming that Mr. Carrion was liable for the entire amount of the debt. It further argued that, even if Mr. Carrion

12

was the victim of identity theft, he was nevertheless liable for half of the debt pursuant to the MSA under section 916(a)(3) .

On appeal, the Department does not argue that the MSA is invalid or must be ignored; it only contends that, even considering the terms of the MSA, Mr. Carrion is still liable for the entire debt under CFC section 916(a)(1). These positions are not inconsistent, and there is no indication that the Department is seeking an unfair advantage in this litigation.

## CONCLUSION

The bankruptcy court erred in holding that Mr. Carrion was liable for only half of the educational loan debt. Accordingly, we REVERSE and REMAND for entry of judgment in accordance with this decision.