
# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MYRON HALE,<br><br>        Debtor. | BAP No. CC-19-1225-SFL<br><br>Bk. No. 2:18-bk-12066-BB |
| MYRON HALE,<br><br>        Appellant,<br>v.<br>DAVID M. GOODRICH, Chapter 7<br>Trustee,<br><br>        Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Sheri Bluebond, Bankruptcy Judge, Presiding

Before: SPRAKER, FARIS, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Myron Hale appeals from an order denying his
motion to dismiss his bankruptcy case after it was discovered that he held

---

* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal
Rules of Bankruptcy Procedure.

an undisclosed prepetition interest in his father's probate estate. Though Hale professed an intent to pay his creditors outside of bankruptcy once his probate interest was discovered, the potential voluntary repayment was speculative. The record supports the bankruptcy court's determination that Hale's creditors would be prejudiced if he were permitted to dismiss his case. Accordingly, the bankruptcy court did not abuse its discretion in denying dismissal and, therefore, we AFFIRM.

## FACTS

Hale commenced his chapter 7 petition in February 2018. David M. Goodrich was appointed to serve as his chapter 7 trustee.

Hale's father had passed away in 2003, but Hale did not list in his bankruptcy schedules any interest he might have in his father's estate. Nor did he mention it during his examination at the § 341 first meeting of creditors.

Roughly one month after his bankruptcy filing, Hale filed in the Los Angeles County Superior Court a petition seeking to initiate probate proceedings for his deceased father's assets. In his probate petition, he valued his father's former residence at $1.8 million. The probate petition further disclosed that Hale's father died intestate and that there were a number of other family members that may have an interest in the probate estate.

Unaware of Hale's interest in his father's probate estate, Goodrich

filed a no-asset report. In July 2018, Hale received his discharge, and the bankruptcy court entered its final decree closing his bankruptcy case.

Several months later, upon learning of the probate proceedings, the U.S. Trustee moved to reopen Hale's bankruptcy case so the chapter 7 trustee could investigate Hale's interest in his father's probate estate and administer any such interest. Upon the reopening of the case, Goodrich was reappointed to serve as chapter 7 trustee.

Hale then moved to dismiss his chapter 7 case.[2] According to Hale, he only had two unsecured creditors who were owed in aggregate $2,953.45, though the deadline to file claims had not yet expired at the time he filed the motion.[3] He stated that he would work out a repayment plan with these creditors in lieu of incurring the time and expense of having them paid through the bankruptcy case. Thus, he maintained that there was no need for his bankruptcy case to proceed further.

_____

[2] Hale previously filed a motion to dismiss his bankruptcy case in March 2018, several days before he filed his probate petition and before entry of his discharge. Hale explained that his case should be dismissed because it was the result of bad legal advice. He now contends that if the bankruptcy court had dismissed his case as originally requested, there would have been no need to reopen his case. This argument ignores Hale's attempt to dismiss his case without disclosing his interest in his father's probate estate, which supports the bankruptcy court's denial of the motion to dismiss.

[3] After Hale filed his motion to dismiss, two other creditors filed proofs of claim. Still, the total unsecured debt remains less than $8,000.00. Hale contends that the last two proofs of claim are not legitimate, but nothing in the record suggests that any objections to these claims have been filed, or otherwise addresses this point.

Goodrich opposed the dismissal motion. As he reasoned, Hale moved for dismissal to circumvent Goodrich's efforts to administer the inheritance for the benefit of Hale's creditors. He pointed out that debtors do not have an absolute right to dismiss their chapter 7 cases and that Hale had not presented any evidence to demonstrate that his creditors would not be prejudiced by the dismissal. Among other things, he noted that there was no proof of when or how Hale's creditors might be paid if the bankruptcy case were dismissed. Goodrich further asserted several procedural defects, including lack of service, inadequate notice of the hearing, and the absence of any evidence submitted in support of the motion.

The bankruptcy court denied the motion, and Hale timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.[4]

## ISSUE

Did the bankruptcy court abuse its discretion when it denied Hale's motion to dismiss his bankruptcy case?

---

[4] Ordinarily, an order denying a motion to dismiss a bankruptcy case is treated as an interlocutory order. *Jue v. Liu (In re Liu)*, 611 B.R. 864, 873 (9th Cir. BAP 2020). To the extent necessary, we treat Hale's notice of appeal as a motion for leave to appeal under Rule 8004(d) and grant that motion.

4

## STANDARD OF REVIEW

We review the bankruptcy court's denial of the dismissal motion for an abuse of discretion. *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 836 (9th Cir. BAP 2008) (citing *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 365 (9th Cir. BAP 2004)). The bankruptcy court abused its discretion if it applied an incorrect legal rule or made factual findings that were illogical, implausible, or not supported by the record. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. Procedural Issue – absence of hearing transcript.

As a threshold procedural matter, we must consider the effect of Hale's failure to obtain the transcript from the dismissal motion hearing. The bankruptcy docket indicates that Hale twice ordered the transcript. But he apparently never made satisfactory arrangements to pay for it. As the bankruptcy docket further indicates, the court reporter never prepared the transcript or filed it with the court. On May 26, 2020, this Panel issued an order warning Hale of the potential legal consequences that could result from his failure to obtain the missing transcript. Still, Hale has not obtained the transcript.

A failure to provide necessary transcripts may be grounds for dismissal or summary affirmance. *Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006); *McCarthy v.*

5

*Prince (In re McCarthy)*, 230 B.R. 414, 416–17 (9th Cir. BAP 1999). Nonetheless, even when a necessary transcript is missing, we have the discretion to consider the merits of the appeal if there is a sufficient record to enable us to conduct a meaningful review. *In re Kyle*, 317 B.R. at 393. When we do so, however, we may presume that there is nothing in the missing transcript that would help the parties' positions on appeal. *U.S. Dep't of Educ. v. Carrion (In re Carrion)*, 601 B.R. 523, 525 n.3 (9th Cir. BAP 2019) (citing *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994)).

Here, the uncontested facts and controlling case law provide us with a sufficient understanding of the issue on appeal to permit us to review the order on the merits. Accordingly, we will exercise our discretion to review the merits of this appeal.

**B.** **The bankruptcy court did not abuse its discretion when it denied Hale's motion to dismiss.**

Debtors do not have an unfettered right to dismiss their voluntary chapter 7 cases. *In re Bartee*, 317 B.R. at 366. Pursuant to the governing statute, § 707(a), the debtor must demonstrate cause for dismissal under the totality of the circumstances and also must establish that his or her creditors will not be prejudiced by the dismissal. *In re Hickman*, 384 B.R. at 840-41; *In re Bartee*, 317 B.R. at 365-66.

*Bartee* is directly on point. The debtors in *Bartee* sought dismissal of

their chapter 7 case four days after their trustee filed a report indicating that the estate had assets to distribute to creditors. 317 B.R. at 364. The Bartees asserted that their bankruptcy filing was the result of bad legal advice. They also advised the court that they had sufficient assets to pay their creditors in full and expressed their intent to do so upon dismissal of their case. *Id.*

Opposing the motion, the trustee pointed out that the Bartees had been less than candid about their financial affairs and had not cooperated with his request for additional financial information. As a result, the trustee maintained that the Bartees could not be trusted to honor their promises to repay their creditors outside of bankruptcy. *Id.* at 365.

On the day of the dismissal hearing, the Bartees filed a document entitled "Debtors' Planned Course of Action," which reiterated their expressed intent to pay their creditors outside of bankruptcy. But the Bartees never supported their dismissal motion with any admissible evidence. *Id.* at 364-65. After the hearing, the bankruptcy court denied the dismissal motion. The court explained that the Bartees' intentions were too speculative and their creditors' interests were best served by the continuation of the bankruptcy case. *Id.* at 365.

On appeal, we affirmed. We pointed to the lack of evidence supporting the Bartees' motion. *Id.* at 366. We also expressed our agreement with the bankruptcy court's determination that the Bartees had

not demonstrated an absence of prejudice to their creditors. As we explained: "This is an asset case. The trustee anticipates that there will be funds available to pay unsecured creditors. Dismissal of debtors' case would have prejudiced their creditors, because there is no guarantee that debtors will pay their debts outside of bankruptcy." *Id.* (citation omitted).

Similar to *Bartee*, Hale was not forthright in disclosing his assets when he filed his bankruptcy case. He failed to disclose his interest in his father's probate estate despite commencing the probate action roughly a month after filing his bankruptcy. We noted in *Bartee* that a debtor's failure to disclose his or her assets fully and cooperate with the trustee is an independent basis for denial of a motion to dismiss. *Id.* at 366-67.

Nor has Hale provided any evidence demonstrating how or when he will pay off his creditors if his bankruptcy case is dismissed. Hale's interest in the inheritance from his father increases the prospect that Hale's creditors will be paid if he remains in bankruptcy. In his reply brief on appeal, Hale claimed for the first time that his sister is the owner of record of his father's former residence and that his bankruptcy estate has no legal or equitable interest in the property. But he did not tell this story either in the bankruptcy court or in his opening appeal brief. We typically will not consider factual arguments not raised in the bankruptcy court or in the opening appeal brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331, 335 (9th Cir. BAP 2012).

Even if we were to consider it, the belated manner in which Hale disclosed his alleged lack of interest in his father's former residence further undermines any faith in Hale's promise to pay his creditors. Furthermore, his current argument concerning the ownership of his father's real property directly contradicts the statements he made when opening his father's probate case. Thus, his new argument only bolsters our conviction that the bankruptcy court properly exercised its discretion in denying Hale's dismissal motion.

Hale additionally argues that he has few creditors who are owed a relatively small amount of money. This does not negate his failure to disclose his interest or the potential harm to the existing creditors if the case is dismissed and they are not repaid. Therefore, similar to our holding in *Bartee*, the record supports the bankruptcy court's decision that the interests of Hale's creditors would be best served by denial of Hale's motion to dismiss.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's denial of Hale's dismissal motion.