Filed 2/2/21  Direct Capital Corporation v. Brooks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| DIRECT CAPITAL CORPORATION, | C089980 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CV-UBC-2014-0006707) |
| v. | |
| MARY BROOKS, | |
| Defendant; | |
| GRANT L.C. BROOKS, | |
| Appellant. | |

This is the second appeal filed by defendant Grant Brooks (Grant) after the trial court issued a wage garnishment order for a debt incurred by his then spouse (Mary

Brooks, with many aliases, hereafter Mary).[1]  In the first appeal, we affirmed the garnishment order, upholding the trial court's finding that a debt incurred by Grant's attorney-spouse for office computer equipment was for the "necessaries of life" for that particular marriage within the meaning of Family Code section 914[2] because the spouse's law practice generated community property income.  (*Direct Capital Corp. v. Brooks* (2017) 14 Cal.App.5th 1168, 1170 (*Direct Capital*).)  The garnishment order was affirmed without prejudice to a motion in the trial court to vacate or modify it based on the terms of a divorce judgment entered after the notice of appeal was filed.  (*Id*. at pp. 1170, 1178.)

In this appeal, Grant contends the trial court erred in denying his motion to vacate/set aside the garnishment order.  We requested supplemental briefing to address whether Grant's motion is predicated on an erroneous interpretation of section 916, a question that was neither raised nor resolved in the trial court, and not addressed by either party in the initial briefing on appeal.  As we will explain, we conclude that the answer to this question is "yes"; accordingly, Grant's motion fails on its merits and we affirm.

## BACKGROUND

*Garnishment Order and Divorce Judgment*

The following is taken from the prior opinion we issued in this case.  (*Direct Capital, supra,* 14 Cal.App.5th 1168.)[3]

---

[1]  Because Mary and Grant shared the same surname at all relevant times related to the issuance of the garnishment order, we refer to each by their first name in order to avoid confusion.

[2]  Undesignated statutory references are to the Family Code.

[3]  On our own motion, we take judicial notice of our prior opinion.  (Evid. Code, § 452, subd. (d).)

In 2013 plaintiff Direct Capital Corporation (DCC) leased computer equipment to Mary, a since-disbarred Kansas attorney, who practiced immigration law in Stockton. (*Direct Capital, supra,* 14 Cal.App.5th at p. 1171.)  After Mary did not pay, DCC sued her and obtained a judgment for nearly $40,000.  (*Ibid*.)  DCC later moved to garnish the wages of her attorney husband, Grant.  (*Ibid*.)  DCC alleged that when the debt was incurred, the marriage was intact, and the judgment thereon (grown to over $43,000 with interest) was a community obligation.  (*Ibid*.)

After a hearing, the trial court issued a garnishment order, finding that the debt was a community property obligation, and " 'there is evidence that the Computers were for necessities of life as it went to the wage earnings for the community. " (*Direct Capital, supra,* 14 Cal.App.5th at p. 1171.)  The court then stayed that order, pending appeal, and Grant timely appealed from the garnishment order.  (*Ibid.*)  Thereafter, a divorce judgment was entered, and we granted Grant's request to take judicial notice of the relevant documents showing the terms thereof.  (*Ibid*.)

*Prior Opinion*

On August 30, 2017, we issued an opinion disposing of Grant's first appeal, which was modified on September 22, 2017.  (*Direct Capital, supra,* 14 Cal.App.5th 1168.)  In the published portion of that opinion, we began our analysis by explaining that, notwithstanding the general rule that a married person's separate property is not liable for debts incurred by his or her spouse during marriage, " 'a married person is personally liable for the following debts incurred by the person's spouse during marriage:  [¶]  (1) A debt incurred *for necessaries of life* of the person's spouse *before the date of separation* of the spouses.  [¶]  (2) Except as provided in Section 4302, a debt incurred for *common necessaries of life* of the person's spouse *after the date of separation* of the spouses.' "

(*Direct Capital, supra,* 14 Cal.App.5th at p. 1172.)[4] We noted that because it was undisputed that the debt in this case was incurred while Mary and Grant were married and before they separated, Grant was liable for the debt, if the debt was for "necessaries of life," as the trial court found. (*Ibid.*) After discussing the relevant legal authority, we concluded that the trial court properly granted DCC's motion to garnish Grant's wages, since the court's finding that computers were necessary for the operation of Mary's law practice (which contributed to the marital fisc) was supported by the record. (*Id.* at pp. 1172-1177.)

In the unpublished portion of our prior opinion, we considered and rejected Grant's claim that we should interpret and apply the terms of the divorce judgment entered after the notice of appeal was filed.[5] (*Direct Capital, supra,* 14 Cal.App.5th at p. 1170.) In doing so, we explained that issues arising from that judgment are more property considered by the trial court in the first instance. (*Ibid.*)

In light of our conclusions, we affirmed the garnishment order without prejudice to Grant's filing of a motion in the trial court to vacate or modify it. (*Direct Capital, supra,* 14 Cal.App.5th at p. 1178.) The remittitur was issued on October 31, 2017, and filed in the trial court on November 3, 2017.

---

[4] As we explained in our prior opinion, a married person's liability for debts incurred by a spouse during marriage "does not hinge on the separate or community nature of the non-debtor's spouse's property." (*Direct Capital, supra*, 14 Cal.App.5th at p. 1172.) Instead, the family code "ascribes liability to 'a married person' for specific debts incurred by the debtor-spouse, with different language for debts incurred pre- and postseparation." (*Ibid.*) " 'Technically, there is no such thing as a "community debt." The question is whether community property [or separate property] is liable for enforcement of the debt.' " (*Id.* at p. 1172, fn. 3.)

[5] The divorce judgment was entered on August 22, 2016.

4

*Motion to Vacate/Set Aside Garnishment Order*

On November 28, 2017, Grant filed a motion to vacate/set aside the garnishment order based on a "change in circumstances." He argued that the garnishment order should be vacated or set aside because the divorce judgment, which incorporates the terms of the stipulated judgment entered into by the parties, "assigns all liabilities from Mary Brooks' Law Practice to her as her separate obligation." In support of his position, Grant relied on section 916, subdivision (a)(2) and *CMRE Financial Services, Inc. v. Parton* (2010) 184 Cal.App.4th 263. Citing section 771, Grant additionally noted that his wages became separate property as a matter of law after he separated from Mary.

DCC filed an opposition, arguing that Grant's motion should be denied because he failed to carry his burden of providing a legal and factual basis for vacating or setting aside the garnishment order. DCC asserted that Grant had failed to show the divorce judgment, which was entered more than eight months after the garnishment order was issued, constituted a change in circumstances to justify the relief sought. DCC did not address the merits of Grant's motion or cite any authority showing that the motion was procedurally defective.

On May 15, 2018, the trial court issued a tentative ruling, which stated, in relevant part: "[Grant] has failed to identify for the court any legal authority supporting his motion. While Family Law Code section 916 sets forth rules explaining a married person's responsibility for debts and liabilities, it does not state that a judgment of dissolution is grounds for vacating or setting aside an order in a civil case, nor does it provide a means, method or standard to vacate or set aside an order in a civil case. [Grant] has provided no statutory or other authority to support his motion. Since the Court has not been provided with any guidance regarding what statute or other legal authority authorizes the court to provide the relief requested, the court cannot make a proper assessment regarding whether the grounds for relief have been met. Therefore, the Motion to Vacate is denied."

5

At the hearing the next day, the court heard argument from counsel and was advised that Grant had filed for "federal bankruptcy protection," i.e., he filed a bankruptcy petition. After the hearing, the court issued a minute order, which stated, in relevant part: "Counsel for [Grant] identified Code of Civil Procedure section 1008(b) as the procedural basis for [his] motion even though [the] basis is not set forth in the [moving] papers. Counsel for [Grant] further identified Family Code sections 760 and 771[6] as grounds for the motion and advised the court that the case of Falley [(*sic*)] v. City and County of San Francisco decided by the Ninth Circuit Court of Appeal in November 2017 provided legal support for the motion. Counsel for [Grant] was unable to provide a citation except 2017 WL 5127716." (Footnote added.) The minute order directed Grant to provide the trial court and DCC with the official citation to this case. The order also stated that DCC could file an opposition addressing the new authority identified by Grant and the validity of the procedural basis for Grant's motion.[7]

Less than a week later, Grant filed a supplemental brief and attached a copy of the new authority. The "authority," *Fallay v. City and County of San Francisco* (N.D. Cal. 2017) 2017 U.S. Dist. Lexis 183673 (*Fallay*), is an unpublished order issued by a federal district court. In his briefing, Grant incorrectly asserted that a federal district court case can be cited as controlling authority.

In his supplemental brief, Grant argued that his motion to vacate/set aside the garnishment order was procedurally proper because it was a motion for reconsideration under Code of Civil Procedure section 1008, subdivision (b), and because "the Court of

---

[6] Section 760 provides: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Section 771 provides, in relevant part: "The earnings and accumulations of a spouse . . . after the date of separation of the spouses, are the separate property of the spouse." (§ 771, subd. (a).)

[7] The appellate record does not contain a reporter's transcript for this hearing.

Appeals decision in this case . . . provided authority to [him] to file a motion to set aside or vacate the garnishment order." As for the merits, Grant argued that a non-debtor spouse's wages are separate property after the date of separation of the spouses and therefore cannot be garnished to satisfy the debtor spouse's debts. In support of his position, Grant relied on *Fallay*, which concluded that, because the spouses in that case had separated, the non-debtor spouse's wages were not subject to a withholding order to satisfy a judgment against the debtor spouse. (*Fallay, supra*, 2017 U.S. Dist. Lexis 183673 at p. *7.) In reaching this conclusion, the district court stated, "California law provides that the wages of a spouse during marriage are generally community property, and a judgment creditor may move for a court to issue a withholding order against a judgment debtor's spouse. *See* Cal. Fam. Code § 760; Cal. Civ. Proc. Code §§ 695.020(a), 706.109. Earnings after spouses have separated, however, are separate property and therefore cannot be reached to satisfy the other spouse's debts. Cal. Fam. Code §§ 771(a), 913(b)(1)." (*Fallay*, at p. *7.) Notably, there was no discussion in *Fallay* as to how the debt was incurred, when the judgment was entered against the debtor spouse, or when the spouses separated. The order issued by the district court "assumes the parties' familiarity with the long history of th[e] case and [the creditor's] attempts to collect its judgment against [the debtor spouse]." (*Id*. at p. *2.)

DCC filed an opposition to Grant's supplemental brief, arguing that Grant had failed to show his motion to vacate/set aside the garnishment order should be granted. DCC maintained that Grant's motion should be denied because it did not satisfy the procedural requirements for a motion for reconsideration under Code of Civil Procedure section 1008. According to DCC, Grant failed to set forth new or different facts, circumstances or law showing that he was entitled to relief under the reconsideration statute. In making this argument, DCC correctly noted that the unpublished district court case relied on by Grant can only be cited as persuasive but not precedential authority. (*Balsam v. Trancos, Inc.* (2012) 203 Cal.App.4th 1083, 1100.)

7

On June 13, 2018, the trial court issued a minute order stating that the matter was stayed based on Grant's filing of a bankruptcy petition, and that Grant could renotice his motion to vacate/set aside the garnishment order after the bankruptcy stay was lifted or set aside.

On July 24, 2018, the bankruptcy court issued an order lifting the automatic stay as to this case. The order stated: "Relief from stay is limited to allowing the parties to go to judgment, but no enforcement of any judgment or award is permitted without further order of this court."

On August 17, 2018, Grant filed a request for a judicial decision on submitted motion. The trial court construed Grant's request as an effort to renotice the hearing on his motion to vacate/set aside the garnishment order and set the matter for hearing.

After a hearing, the trial court issued a written order on November 26, 2018, denying Grant's motion to vacate/set aside the garnishment order. In denying the motion, the court found Grant had failed to show that his motion was properly before the court. The court rejected Grant's contention that he could seek to vacate or set aside the garnishment order pursuant to a motion for reconsideration under Code of Civil Procedure section 1008. The court found that the provision of the statute Grant relied on, subdivision (b), did not apply because "there was never a ruling on the Motion to Vacate," and that his motion was untimely to the extent he was seeking relief under subdivision (a) of the statute. The court also found that *Fallay* did "not represent a change in law that would compel th[e] Court to vacate or set aside the [garnishment order]." The court went on to discuss *Fallay* and explain why it was unpersuasive authority. In doing so, the court noted that *Fallay* did not discuss whether the judgment in that case was entered before or after the spouses separated or whether the judgment debt was incurred for the "necessaries of life" or for "common necessaries of life" within the meaning of section 914, subdivision (a). Because the court found Grant's motion procedurally defective, it did not reach the merits of whether section 916, subdivision

8

(a)(2) and/or *CMRE* supported vacating or setting aside the garnishment order, as claimed by Grant.

On December 5, 2018, Grant filed a motion for reconsideration. Among other things, he pointed out that, because the divorce judgment was entered while his appeal of the garnishment order was pending, he could not have sought reconsideration of that order based on changed circumstances and new facts until after the remittitur was filed in the trial court on November 3, 2017. Grant insisted that his motion to vacate/set aside the garnishment order was a proper motion for reconsideration under Code of Civil Procedure section 1008, subdivision (b), and that the relief he requested was appropriate under section 916, subdivision (a)(2) and *CMRE*. DCC filed an opposition, arguing that Grant's motion was procedurally defective. DCC did not address the merits of the motion.

After a hearing, the trial court issued an order denying Grant's motion for reconsideration on June 11, 2019. The court found that Grant had failed to identify any changed circumstances or new or different facts within the meaning of Code of Civil Procedure section 1008. This timely appeal followed.

## DISCUSSION

Grant contends the trial court erred in denying his motion to vacate/set aside the garnishment order. He argues that his motion was not procedurally defective and that the trial court should have granted the motion based on the authority he cited. According to Grant, because Mary was assigned the debt owing to DCC as part of the stipulated judgment that was incorporated into the divorce judgment, his wages are no longer subject to garnishment.

After appellate briefing was complete, we requested and received supplemental letter briefs from the parties "analyzing the propriety of the trial court's denial of appellant's motion to vacate/set aside the garnishment order pursuant to Family Code section 916, subdivision (a)(1), as interpreted by *In re Carrion* (2019) 601 B.R. 523."

9

Grant argues that *In re Carrion* does not support affirmance of the trial court's order while DCC argues that the case supports the opposite conclusion. As we next explain, we conclude that Grant's motion fails on the merits because it is predicated on an erroneous interpretation of section 916, wherein Grant relies exclusively on subsection (a)(2) of the statute without consideration of subsection (a)(1).[8]

We begin by observing that we review the legal correctness of the trial court's ruling, not its reasoning, and may affirm a ruling on any ground supported in the record. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19; *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 479.)

---

[8] Citing *Global Protein Products, Inc. v. Le* (2019) 42 CalApp.5th 352, DCC initially argues that we should dismiss this appeal because an order denying a renewed motion under Code of Civil Procedure section 1008, subdivision (b) is not appealable. We disagree. Grant's motion to vacate/set aside the garnishment order does not fall within the ambit of Code of Civil Procedure section 1008, subdivision (b), which governs a *second* motion or application for "the same order" the court has already declined to make. Here, Grant filed a motion to dismiss for lack of jurisdiction in response to DCC's motion for a garnishment order. Grant claimed that the trial court had no "jurisdiction" to garnish his wages because he had recently filed for divorce. (*Direct Capital, supra*, 14 Cal.App.5th at p. 1171.) Grant also opposed DCC's motion by arguing that "because computers were not necessaries of life as used in section 914, his separate property wages were not subject to garnishment therefor." (*Direct Capital*, at p. 1171.) After we upheld the trial court's order garnishing Grant's wages (*id*. at pp. 1170, 1177), Grant filed a motion to vacate/set aside the garnishment order based on changed circumstances (i.e., the terms of the divorce judgment). On this record, Grant's motion cannot be considered a renewal of a previously denied motion within the meaning of the reconsideration statute. Therefore, we will not dismiss the appeal. The trial court's order denying Grant's motion qualifies as an appealable postjudgment order, since it relates to the enforcement of the judgment and raises issues different from those arising from an appeal from the judgment. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652, 654.)

Section 916 provides:

"(a) Notwithstanding any other provision of this chapter, after division of community and quasi-community property pursuant to Division 7 (commencing with Section 2500):

"(1) The separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person before or during marriage and the person is personally liable for the debt, whether or not the debt was assigned for payment by the person's spouse in the division.

"(2) The separate property owned by a married person at the time of the division and the property received by the person in the division is not liable for a debt incurred by the person's spouse before or during marriage, and the person is not personally liable for the debt, unless the debt was assigned for payment by the person in the division of the property.  Nothing in this paragraph affects the liability of property for the satisfaction of a lien on the property.

"(3) The separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person's spouse before or during marriage, and the person is personally liable for the debt, if the debt was assigned for payment by the person in the division of the property. If a money judgment for the debt is entered after the division, the property is not subject to enforcement of the judgment and the judgment may not be enforced against the married person, unless the person is made a party to the judgment for the purpose of this paragraph.

"(b) If property of a married person is applied to the satisfaction of a money judgment pursuant to subdivision (a) for a debt incurred by the person that is assigned for payment by the person's spouse, the person has a right of reimbursement from the person's spouse to the extent of the property applied, with interest at the legal rate, and

11

may recover reasonable attorney's fees incurred in enforcing the right of reimbursement." (§ 916, subds. (a), (b).)

As recently explained by a Bankruptcy Appellate Panel of the Ninth Circuit, the meaning of section 916, in plain English, is as follows: "if Spouse A and Spouse B divorce:

"(1) Spouse A remains liable for Spouse A's own debts, even if an MSA [marital settlement agreement] requires Spouse B to pay some or all of those debts;

"(2) Spouse A is not liable for any of Spouse B's debts, except for any of Spouse B's debts that the MSA requires Spouse A to pay;

"(3) Spouse A is liable for any of Spouse B's debts that the MSA requires Spouse A to pay;

"(4) If Spouse A pays any debts that the MSA requires Spouse B to pay, Spouse B must reimburse Spouse A; and

"(5) Vice versa. (*In re Carrion, supra,* 601 B.R. at p. 527; see Law Revision Commission Comments to § 916 ["Section 916 prescribes rules of liability of former community, quasi-community, or community estate property and former separate property following a division of the property pursuant to a court judgment of separation, dissolution, or later division. [¶] Subdivision (a)(1) states the rule that the rights of a creditor against the property of a debtor are not affected by assignment of the debt to the other spouse for payment pursuant to a property division. A creditor who is not paid may seek to satisfy the debt out of property of the debtor. The debtor in such a case will have a right of reimbursement against the former spouse pursuant to subdivision (b)"].)

We agree with *In re Carrion's* interpretation of section 916 and conclude that Grant's motion to vacate/set aside the garnishment order is foreclosed by the plain text of the statute, specifically subdivision (a)(1). In our prior opinion disposing of Grant's first appeal, we upheld the trial court's determination that Grant was liable for the debt incurred by Grant's then attorney-spouse for office computer equipment. In doing so, we

noted that it was undisputed that "the debt was incurred while Mary and Grant were married and before they separated, therefore section 914, subdivision (a)(1) provides that Grant is liable for the debt if it was for necessaries of life, as the trial court found it was," and as we affirmed. (*Direct Capital, supra,* 14 Cal.App.5th at p. 1172.) It is settled that to "incur" an obligation is to become liable for it. (See, e.g., *Board of Education v. Commission on Professional Competence* (1980) 102 Cal.App.3d 555, 563-564.) Thus, Grant incurred the debt by operation of section 914, subdivision (a)(1) during the marriage and remains personally liable under section 916, subdivision (a)(1), regardless of the terms of the stipulated judgment that were incorporated into the divorce judgment. Contrary to Grant's contention, the assignment of the debt to Mary under the terms of the stipulated divorce judgment does not relieve him of liability for the debt. (*In re Carrion*, *supra*, 601 B.R. at pp. 527-528.) Under the circumstances, Grant must pay the debt but is entitled to seek reimbursement from Mary. (*Id.* at p. 528.)

We are unpersuaded by Grant's contention that *CMRE* and/or *Fallay* compel a contrary result. These cases are factually distinguishable and do not address the specific issue presented here.

## DISPOSITION

The trial court's order denying Grant's motion to vacate/set aside the garnishment order is affirmed.  Grant shall pay DCC's costs of this appeal.  (Cal. Rules of Court, rule 8.278(a).)


                                        /s/
                                        Duarte, Acting P. J.

We concur:




        /s/
Hoch, J.




        /s/
Renner, J.